Make sure we're all ready here. Tell me how to pronounce your name. It's Fami. Mr. Fami. Thank you. May it please the Court. The Court's conclusions of anticipation with respect to both Gold and Pruitt rest on improper construction of the claims. Construction that's at odds with both the language of the claims itself and the teachings of the specification. The claims of the 089 patent that's before you require determining whether a storage object contains relevant data, and only if that condition is met, then reading the storage object and copying the contents of the storage object. But under the Board's construction, determining relevancy only requires the fact of copying. Because that construction doesn't comport with the claims or the specification... I'm sorry, the Board's construction you say requires nothing more than that copying is done? I don't think that's what it said. It said that you choose what to copy for any purpose that you have in mind. No, I think you're mistaken, Your Honor. The Board's construction reads relevant data... What are you reading from? I'm reading from the Board's opinion at page 10 of the appendix. It's right at the bottom of the first page. Data relevant to the purpose for which storage and copying has taken place, and that relevancy is established by the fact that the data has been copied. But the claims recite exactly the opposite. The claims recite determining relevancy, and it's the fact that the claims are relevant that the data is read and copied to the backup location. This is the essence... And your construction, what you say is the appropriate construction is limited to data relevant to the operation of the application, and shouldn't include data which the application operates on? Can you explain that to me? The formulation for the construction that we gave to the Board, Your Honor, was... It appears on page 7 of the appendix, and we express it as data relevant with respect to, or in the context of, an application that will make use of the data. And this is the construction that one arrives at when one examines the specification. The problem is that I don't understand the construction that you're proposing, and I think that Chief Judge's question went to the heart of it. Are you saying that under your construction, data relevant to the operation of apps is relevant data, but data that the apps are actually performing operations on is not relevant data? Data that the applications operate on could be relevant data, and they would be identified as relevant data if, in fact, they are read. What? No, that's exactly what you said you can't do. You said don't read and then decide whether it's relevant. You have to decide whether it's relevant and then read. I may have expressed it poorly, Your Honor. The way the specification explains the situation is that a module identifies the relevant data. The data is then read, and the act of reading institutes the copying. And this is found in the specification... Yeah, but that doesn't give us any information. That doesn't tell us anything about what relevant data is. All you've told me is what happens once you've decided there's relevant data. Yes, that's what happens when relevant data has been determined. Okay, so what does this specification, what does it tell us about what relevant data means? If we examine the specification, Your Honor, I think the Board, in its opinion on page 9, pointed out several instances where the specification talks about relevant data and how we can determine what relevant data is. So one of the examples that they cite from the specification is information relevant to managing the data by a particular application. Managing would be an instance of the context within which the data exists in the application as we provide in our construction. The next example is data that's relevant for the operation of the application. Okay, so we have anything that the app needs to manage data within the app is going to be relevant. And we have anything that goes to the actual operation of the app is going to be relevant, right? Because we're in a PTO world with BRI, so if these examples are all classified as relevant, they have to come within the claim scope as construed for BRI purposes. Agreed. And so then the third thing the PTO, I thought, said was relevant was material that the app can be working on, and that came from this file dump utility analysis that they have. Is there something wrong with that maybe? I mean, these are the three categories, right? I mean, what else is there? I'm not sure if there would be anything else. They actually, I think the board misconstrued what the file dump utility does. The file dump utility... So wait, stop, stop. You agree that relevant data has to be the data that's managing, relevant to managing an app, and the data relevant to the operation of the app. Do you disagree that data that the app is operating on could be relevant data as well? It could be relevant. Isn't that what the PTO's construction tries to cover as all those possible universes of data? And the PTO's construction goes one step further, Your Honor, and makes the fact of copying determinative of relevancy. I don't think that's what they do. If that's the error, I don't, I mean, they say data relevant to the purpose. Correct. They don't say data that is copied or data that is read. They say data relevant to the purpose. So, you know, I think that was their attempt to get at, what is the app's purpose? What does this app need? And let me just copy all those important things, which are the relevant things. But notice, Your Honor, you've just said, what does the app need? What is the app's purpose? But the board's construction asks, what's the purpose for which it's being copied? And that's where the error lies. Because if you presume copying, which you must under the board's construction, because if copying, you know, are being copied, the board is presuming the data is being copied, and if that's what turns on the relevancy, then you've vitiated the claim language that says, no, no, determine relevancy first, and only if it's relevant, then copy. But it seems like, I guess I don't read it that way. I read it as data relevant to the purpose. It's the purpose. Like you, you know. But go that one step further, Your Honor, the purpose for which it's being copied, that's the problem with the board's construction. Because the specification says none of them. You look at the purpose of the application, that's either going to manage the data, use the data, whatever. But the purpose for which the data is being copied, it's backwards. Relevancy first, copy second, says the patent. I understand. I mean, the entire point of the patent is to use the knowledge of the app to decide. Correct. It's to use the knowledge of the app to decide what is the relevant data, and then read and copy only that. I mean, that's the way in which you're attempting to streamline or reduce the unnecessary copying, right? You're just not positive that I can... Let me see if I can help you, Your Honor. Tell me what the PTO data, what the PTO construction is going to encapsulate that would not be encapsulated by your construction. Do you understand? I'm trying to figure out, I mean, is this just a matter of parsing words? I mean, how has this case come out differently? The board's construction allows the fact of copying to be determinative of relevancy. Our construction does not. Well, no, I think Judge Moore wants you to relate it to the pieces of prior art that were used for the anticipation analysis. You must be saying that under your construction, there would not be anticipation under the board's. So what's the relevant distinction? That's correct. And so, for example, let's look at Pruitt. In Pruitt, under the board's construction, the board was able to find that the fact that a user designated a file as being hidden means that it's not relevant because the hidden files are not copied. So this is in Pruitt at page 487 of the appendix, and it appears in the board's opinion beginning at page 34. So because the board adopted a construction in which the act of copying was allowed to dictate whether or not the data was relevant, they were able to read Pruitt in such a fashion that says, well, hidden files aren't copied. Therefore, hidden files must not be relevant. But in fact, the patent itself teaches situations in which those hidden files, or similar types of files, are relevant. And when questions on this matter, the petitioner's expert in the IPR actually agreed that hidden files are often relevant for applications managing the data. So that is an example of where our construction encompasses the kinds of situations that are encountered, and the board's construction leads to actually the opposite conclusion. Gold is similar. In gold, we actually have a situation where storage objects have to be read first in order to determine the relevancy, as opposed to the other way around. The board's reliance upon the claim construction in order to find anticipation by the board begins at page 825, and you can see that at the bottom of 825, after they've done some analysis of the situation, they revert to their construction of the term relevant data in order to find the anticipation case. And Your Honor, there's actually a second pillar of the board's claim construction that I think is worth examining. And you'll recall from the briefing that the board has said, nothing in the claim precludes reading before a relevancy determination. This is at the decision on page 27 in the attendance. The board says, we conclude that nothing in claim 1 precludes reading before or during a relevancy determination. I'm prepared to assume for purposes of this question that that's wrong, but why is nevertheless, I mean, that was one not something that they relied on. I mean, they said it, but they said in any event. They said in any event, Your Honor, but in fact they actually do rely upon that pillar of their construction argument. Isn't that just an alternative ground in discussing gold? I thought they say gold actually involves a sifting before reading. And then they say, but it doesn't matter anyway, because it could read this stuff in doing the sifting. But the first part, the characterization of gold is involved in sifting what to copy before reading. They find that in gold. And the sifting actually involves a read, Your Honor. That was our point in the case below, is that it's not just sifting. It's actually reading. And the petitioner's expert agreed that it was reading the storage object. And so if you take the reading of the storage object in order to determine information. I thought gold involved using a directory tree to decide what's been changed and what's not been changed. That's correct. And deciding we're going to copy to change things. Absolutely correct. So where's the reading of the actual thing to be copied? Petitioner's expert, Dr. Weissman, agreed that in order to read that directory tree, a read has to take place. And that would be. A read has to take place of the directory tree? Of the storage object, Your Honor. Where's that? Can you show me that? Yes. I would refer, Your Honor, to page 761 of the appendix. This is testimony of Dr. Weissman in deposition. The question. So does reading the current directory tree of a local file system involve reading a storage object? Answer. Yes. And that, in fact, was the passage that we made. Can you read the next couple of Q&A? Yes. The next question was, what's the storage object that's being read? And the answer, directories themselves that form the trees are files and as well as the regular files that are contained within the directory. So isn't that saying that the directory tree is the storage object being read? Yes, but that's the application that's managing the data, Your Honor. This is the operating system that's reading the directory tree. So it squarely falls within the application that would be making the read for purposes of the claim. Okay. We're willing to hear about it. Thank you, Your Honor. Ms. Lynch. May it please the Court. Cladding contends that his invention is a method to back up only relevant data to a separate storage area rather than to back up all data. But Gold and Pruitt each dispose methods where only relevant data is backed up to a separate storage area and both references determine relevancy before they read and copy. So Cladding argues that when Gold determines which files have been changed since the last backup, Gold is reading the files. But as Judge Toronto's question raised, Gold isn't reading the files that are actually copied. Gold is just reading the directory tree. Pruitt is similar. Pruitt only determines relevancy before reading and copying by allowing the user to use configuration flags to hide certain files and thereby saying the other files are relevant files. We think that the Board's claim construction was completely reasonable and we ask that this Court affirm. I'm here to answer any particular questions that the Court may have. The construction seems a little confusing, the Board's construction. I mean, I understand the application of it, which I thought was very helpful in the Board's opinion, but data relevant to the purpose for which storage objects are being copied, I really had a lot of trouble figuring out what that meant on my own. What does it mean? So I think as your question raised too, you look first to the purpose and I agree that the Board's construction maybe could have been clearer, but it made that construction in its decision to institute and Cladding wanted the Board to narrow that construction and the way they wanted the Board to narrow it was inconsistent with the examples in the specification. So I think it was correct for the Board to stick with their original claim construction. Thank you. Will we still have two minutes? Thank you, Ron. I'll be brief. Judge Moore, you cited the broadest reasonable construction or broadest reasonable interpretation paradigm under which IPRs take place. We certainly agree with that. But even under the broadest reasonable construction, one still has to view claims through the lens of the specification. When you do that, I think the Board's construction in which the fact of copying is made synonymous with relevancy simply can't stand. Happy to address any further questions. Otherwise, we thank you for your time. Thank you.